IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER ALAN ANDREWS                                                                    PLAINTIFF

v.                          Civil No. 06-2064

SEBASTIAN COUNTY SHERIFF'S OFFICE,
SEBASTIAN COUNTY DETENTION CENTER,
DR. TOM TINSMAN, NURSE CRYSTAL REED,
MIKE CONGER, SGT. RITTER, and SGT. TAULBEE                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Christopher Alan Andrews brings this pro se civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while detained in the Sebastian County Detention Center. The defendants have filed a motion to dismiss (Doc. 13) the Sebastian County Sheriff's Office and the Sebastian County Detention Center as defendants in this action. The plaintiff has not filed a response to this motion.

In their motion, defendants state that the Sebastian County Detention Center and the Sebastian County Sheriff's Office are not persons recognized under 42 U.S.C. § 1983, and thus should be dismissed as parties in this action. (Doc. 13.) In the brief in support, defendants explain that section 1983 authorizes the imposition of liability against "persons" who, acting under color of state law, subjects a citizen to a deprivation of constitutional rights, and that the Sebastian County Detention Center and the Sebastian County Sheriff's Office are buildings and not "persons" amenable to suit under section 1983.

We agree. The Sebastian County Detention Center and the Sebastian County Sheriff's Office are not legal entities subject to suit under section 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not

usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (Jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y.1994) ("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn.1987) (sheriff's department is not legal entity subject to suit), *aff'd, Myers v. Scott County*, 868 F.2d 1017 (8th Cir.1989).

Therefore, I recommend that defendants' motion (Doc. 13) to dismiss the Sebastian County Detention Center and the Sebastian County Sheriff's Office as defendants be GRANTED and these parties be DISMISSED.

Notably, there are several other defendants named in this action, so the plaintiff will be able to pursue his claims against these defendants.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August 2006.

                                                  **/s/ Beverly Stites Jones**
                                                  _____
                                                  HON. BEVERLY STITES JONES
                                                  UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)